UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATATIAOU ERGAS, individual and on behalf      Case No.: 1:20-cv-00333
of all others similarly situated

       Plaintiff,

v.

EASTPOINT RECOVERY GROUP, INC.
UNITED HOLDINGS GROUP, LLC

       Defendants.
_____

DEFENDANT EASTPOINT RECOVERY GROUP, INC.'S RESPONSE TO
PLAINTIFF'S OPPOSITION TO THE IMPOSITION OF SANCTIONS

Defendant Eastpoint Recovery Group, Inc. ("ERG"), by and through its attorneys, submits the following in response to Plaintiff Matatiaou Ergas' ("Plaintiff") Response to Order to Show Cause ("Response"). (Doc. 50). Plaintiff's response is made with respect to the Court's request for Plaintiff to show cause why ERG should not be awarded expenses and attorney's fees incurred in responding to Plaintiff's Motion for a Protective Order and/or to Quash Non-Party Subpoena ("Motion for Protective Order") (Doc. 35), and in making its Motion to Compel Plaintiff's Response to its Discovery Demands ("Motion to Compel") (Doc. 36).

    I.     ERG is Entitled to Costs Incurred in Opposing Plaintiff's Motion for Protective Order.

Although Plaintiff accurately articulates the standard for imposing sanctions pursuant to 28 U.S.C. § 1927, he fails to offer sufficient justification for his position that sanctions was not warranted in this case. The Second Circuit has held, "that an

1

award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) *citing United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991). "[T]he trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) *citing Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir.1997). (emphasis added). "A court may infer bad faith when a party undertakes frivolous actions that are completely without merit." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (internal quotation marks omitted). Additionally, the party is given notice of the challenged conduct and an opportunity to be heard. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

In its April 30, 2021 Decision and Order ("Order") the Court held, unequivocally, that the arguments raised by Plaintiff in support of his Motion for Protective Order lacked merit. (Doc. 47). Specifically, the Court found that Plaintiff had no standing to object to a subpoena served on non-party Soimach Rely & Support and that the information ERG sought by way of the subpoena was entirely relevant to both Plaintiff's claims and ERG's defense. (Doc. 47, p. 14). Significantly, the Court noted that Plaintiff's arguments in opposition overlooked established caselaw on these two points. (*Id*). Further, Plaintiff's stated need to protect himself from embarrassment and social shaming was "wholly without support in fact or law." (*Id*).

The Court concluded, ERG's assertion that Plaintiff's motion was frivolous was "sufficiently colorable," warranting an opportunity for Plaintiff to respond. (*Id*).

Given the Court's clear findings on the lack of merit to Plaintiff's arguments in support of his Motion for Protective Order, Plaintiff's Response was his opportunity to show why his, or counsel's, conduct in bringing the motion was *not* for an "improper purpose." *See Revson supra.* Plaintiff's Response, however, completely misses the mark here. The focus of the Response is on the *absence*, in the Order, of a demonstrative finding that Plaintiff's conduct was taken in bad faith. (Doc. 50, pp. 4-5). Contrary to Plaintiff's position, the absence of such a finding is not critical to an ultimate decision on sanctions because, by design, the Court has reserved its decision precisely to permit Plaintiff a chance to show cause why sanctions are not warranted.

In a conclusory fashion, Plaintiff asserts his Motion for Protective Order was a "single misstep," taken "in good faith in the attempt to forego unnecessary inquest and further discovery delay." (Doc. 50, p. 5). In actuality, his Motion for Protective Order was a clear attempt to impede ERG's discovery of vital evidence and had the effect of generating unnecessary legal fees for both parties and a delay in the progress of the litigation. Plaintiff's intent is made apparent by the dearth of citation to legal authority for the arguments raised within the motion and the absence of any factual support. The only logical inference is that Plaintiff filed the motion with intent to prevent ERG from obtaining relevant discovery. Accordingly, § 1927 sanctions are warranted here.

II.     ERG is Entitled to Costs Incurred in Bringing its Motion to Dismiss.

Sanctions are required, pursuant to Fed. R. Civ. P. 37(a)(5)(A), when either the motion to compel is granted or the discovery requested is disclosed after the motion is filed. "[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* However, sanctions are not permitted when: (1) the movant failed to attempt in good faith to resolve the dispute before seeking the court's invention, (2) the opposing party's failure to disclose, object or otherwise respond, was "substantially justified," or (3) other circumstances would make an award unjust. *Id.*

Here, ERG filed the motion to compel Plaintiff's written discovery responses only after making multiple good faith attempts to obtain them without the need for the court's intervention. This point is not in dispute. In granting ERG's motion to compel, the Court plainly articulated that there was no merit to Plaintiff's opposition, or to his request for sanctions against ERG. (Doc. 47, pp. 15-19). The Court affirmatively held that counsel's efforts "substantially complied with the perquisites to motions to compel in accordance with Rule 37(a)(1) and Local Rule 7(d)(3)." (Doc. 47, pp. 16-17). Accordingly, the onus is on Plaintiff to set forth why his failure to timely serve discovery responses was "substantially justified," or that circumstances exist as to make an award of fees and costs unjust.

At the outset, Plaintiff makes plain that his responses were untimely, and he is not attempting any justification for his delay. Plaintiff's only argument in

opposition to an award of costs and attorneys' fees is that it would be unjust. However, Plaintiff fails to offer any reason for this position other than the same challenges he raised in opposition to the Motion to Compel.  Namely, Plaintiff's position is that ERG failed to make a good faith effort to meet and confer to resolve the dispute and that Plaintiff was entitled to notice prior to the filing of the motion. (Doc. 50, p. 6).  For the reasons set forth in the Order, ERG did make a good faith effort to meet and confer, the parties did in fact meet and confer, and Plaintiff is not entitled to a heightened notice standard beyond the requirements of Rule 37 and Local Rule 7(d)(3). (Doc. 47, pp. 15-19).

Finally, for Plaintiff to maintain that the Motion to Compel was merely a "fee-shifting event" because responses were ultimately provided is without merit.  (Doc. 50, p. 6).  It is undisputed that Plaintiff's responses were served on March 4, 2021, almost two weeks after ERG was forced to file a motion compelling same. ERG's Motion to Compel was served with a specific purpose, to ensure it received responses before the close of fact discovery.  There is absolutely no merit to Plaintiff's position that it would be unjust to award ERG costs for serving a motion "for the sole purpose of creating a fee event, and not to compel responses which it had then received and did not object to." (Doc. 50, pp. 6-7).

For the reasons expressed herein, ERG is entitled to its costs, including attorney fees, incurred in responding to Plaintiff's Motion for a Protective Order and/or to Quash Non-Party Subpoena (Doc. 35) and in making its Motion to Compel Plaintiff's Response to its Discovery Demands (Doc. 36).

DATED:   June 1, 2021
         Buffalo, New York

                             LIPPES MATHIAS WEXLER FRIEDMAN LLP

                             /s *Christina M. Piracci*
                             Christina M. Piracci, Esq.
                             *Attorneys for Defendant,*
                             *Eastpoint Recovery Group, Inc.*
                             50 Fountain Plaza, Suite 1700
                             Buffalo, NY 14202
                             P: 716-853-5100
                             F: 716-853-5199
                             E: cpiracci@lippes.com