UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATATIAOU ERGAS, Individually and on
behalf of all Others Similarly Situated,

Plaintiff,

v.

**DECISION AND ORDER**

20-CV-333S

EASTPOINT RECOVERY GROUP, INC.,

Defendant.

## I.      Introduction

This is a Fair Debt Collection Practice Act ("FDCPA") class action where Plaintiff alleged that Defendant Eastpoint Recovery Group ("Defendant") sent him an inappropriate dunning letter.  Plaintiff claimed that he did not recognize the alleged creditor or Defendant as collection agency.  Because of the alleged misidentification of the creditor, Plaintiff alleged that the dunning letter violated provisions of the FDCPA.  He also claimed to represent a class of similarly situated New York consumers.

Before this Court is Plaintiff's Motion for Reconsideration (Docket No. 63) of the grant (Docket No. 61, Ergas v. Eastpoint Recovery Group, Inc., No. 20CV333, 2022 WL 1471348 (W.D.N.Y. May 10, 2022)) of Defendant's Motion for Summary Judgment (Docket No. 52) seeking dismissal of the case because Plaintiff lacked standing to sue.

Defendant moved for summary judgment dismissing the action for Plaintiff's lack of standing (Docket No. 52, Def. Memo. at 17).  Plaintiff cross-moved for summary judgment on the merits of his claims (Docket No. 53).  This Court granted Defendant's Motion, denied Plaintiff's Motion, and dismissed the case, Ergas, supra, 2022 WL

1471348, at *12.  There, this Court held that "absent standing, Plaintiff cannot move for judgment in his favor (including arguing the merits of his claims under the FDCPA)," dismissing his summary judgment Motion, id.  Familiarity with the May 10th Decision is presumed.

Plaintiff now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (Docket No. 63[1], Pl. Memo. at 1).

Responses to this Motion were due by June 2, 2022, and reply by June 9, 2022 (Docket No. 64).  Upon the timely responses and without oral argument, Plaintiff's Motion is granted.

## II.    Background

On August 4, 2019, Defendant and United Holdings Group ("UHG") wrote to Plaintiff about his debt with Pentagon Federal Credit Union (or "PenFed"), naming UHG as the "current creditor" (Docket No. 11, Am. Compl. ¶ 33, Ex. 1).  Plaintiff claims this letter misidentified his creditor and thus violated provisions of the FDCPA (id. ¶¶ 41-122).  The Amended Complaint also alleged a class action (id. ¶¶ 123-29).

Defendant Eastpoint answered the Amended Complaint (Docket No. 15) and the Court Clerk entered default judgment against UHG (Docket No. 27).  Defendant and Plaintiff later cross moved for summary judgment (Docket Nos. 52 (Eastpoint), 53 (Plaintiff)).  This Court found that Plaintiff failed to allege an injury-in-fact for standing, Ergas, supra, 2022 WL 1471348, at *12.  Defendant's Motion was granted but Plaintiff's Motion was denied, id.

---

[1]In support of his Motion for Reconsideration, Plaintiff submits his Memorandum, Docket No. 63. Defendant responds with its Memorandum of Law, Docket No. 65.  Plaintiff replies with his Reply Memorandum, Docket No. 66.

Plaintiff now moves for reconsideration (Docket No. 63), arguing that once his lack of standing was found, this Court lacked subject matter jurisdiction to decide the "merits" of both sides' Motions and the Court erred in ruling on the Motions in the absence of jurisdiction (id. at 4-6).

Defendant counters that the grant of summary judgment was proper here despite finding the lack of standing (Docket No. 65, Def. Memo. at 2-3), e.g., United States v. Premises & Real Prop. with Bldgs. Appur. & Improv. At 191 Whitney Pl., No. 98CV60, 2000 WL 1335748, at *2 (W.D.N.Y. Sept. 7, 2000) (Elfvin, J.).

### III.   Discussion

A.  Applicable Standards—Motion for Reconsideration, Rule 59(e)

A Motion to Alter or Amend a judgment must be filed within 28 days of entry of Judgment, Fed. R. Civ. P. 59(e).  The Rule 59(e) Motion "must request a substantive alteration of the judgment, not merely the correction of a clerical error," 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 152 (Civil 2012).  Relief available under this rule includes reconsideration, id. at 154 & n.8; Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995).

This Court has considerable discretion in granting relief, 11 Federal Practice and Procedure, supra, § 2810.1, at 156; McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  It is an extraordinary remedy which should be used sparingly, 11 Federal Practice and Procedure, supra, § 2810.1, at 156-57.  Reconsideration of a prior decision is generally justified in the following circumstances:  (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest

injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (Docket No. 63, Pl. Memo. at 4); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (Siragusa, J.) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)); 11 Federal Practice and Procedure, supra, § 2810.1, at 158-62.  Plaintiff here seeks reconsideration to correct a clear error of law (see Docket No. 63, Pl. Memo. at 4, 5).

"A motion for reconsideration is appropriate where the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion," Townsend v. Benjamin Enters., Inc., No. 05CV9378 (GAY), 2009 WL 3722716, at *1 (S.D.N.Y. Nov. 6, 2009) (Yanthis, Mag. J.) (emphasis in original).  "In other words, a party seeking reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court,'" id. (quoting Gjoni v. Home Depot, Inc., No. 99 Civ. 1849, 2002 WL 91623, at *1 (S.D.N.Y. Jan. 23, 2002)); Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991).  Amendment of a Judgment will be denied if it would serve no useful purpose, 11 Federal Practice and Procedure, supra, § 2810.1, at 164, 171 & n.24; Crane Co. v. American Standard, Inc., 88 F.R.D. 199, 208 (S.D.N.Y. 1980) (where "no useful purpose can be served by amending a judgment in the manner requested, a motion for amendment is properly denied").

    B.  Analysis

Plaintiff is correct that if he lacked Article III standing "a court has no subject matter jurisdiction to hear [his] claim," Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005) (Docket No. 63, Pl. Memo. at 4).  "Because the standing issue goes to this Court's subject matter

jurisdiction, it can be raised <u>sua sponte</u>," <u>id.</u>  Without satisfying Article III standing, "a federal court has no subject matter jurisdiction to hear the merits of a plaintiff's—or, in this case, the class plaintiffs'—claim:  'Without jurisdiction [a] court cannot proceed at all in any cause.  Jurisdiction is power to declare  the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case,'" <u>id.</u> (quoting <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting in turn <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)).

Defendant moved for summary judgment dismissing the action for Plaintiff's lack of standing (Docket No. 52, Def. Memo. at 17).  This Court granted Defendant's Motion and dismissed the case, <u>Ergas</u>, <u>supra</u>, 2022 WL 1471348, at *12.  Whatever so-called merits were decided were Plaintiff's standing, denying Plaintiff's Motion for Summary Judgment due to the lack of standing, and abandonment of class certification, <u>see</u> <u>id.</u> at *7.  This Decision did not make merits finding on the Fair Debt Collection Practices Act claims or defenses, including whether a donation was a "debt" under 15 U.S.C. § 1692a(5), concluding that this matter of first impression would not be decided in that Decision, <u>Ergas</u>, <u>supra</u>, 2022 WL 1471348, at *12.

Once this Court found that Plaintiff lacked standing, this Court also lost subject matter jurisdiction.  Thus, this Court could have dismissed this case on its own, as Plaintiff urges in moving for reconsideration (Docket No. 63).  Plaintiff seeks reconsideration of the decision on his Motion and Defendant's Motion rather than dismissal of the case for lack of standing and Article III subject matter jurisdiction (argued by Defendant in its Summary Judgment Motion, <u>Ergas</u>, <u>supra</u>, 2022 WL 1471348, at *6).  The effect of

Plaintiff's desired Decision remains the same:  the case would be dismissed for Plaintiff's lack of standing and with that dismissal any pending Motions (and the class allegations) are dismissed with the case.  The only difference is ruling on Plaintiff's Motion which this Court lacks jurisdiction to do absent Plaintiff having standing to sue.

Granting Plaintiff's Motion for Reconsideration only changes the disposition of his Motion, cf. Crane Co., supra, 88 F.R.D. at, 208 (where "no useful purpose can be served by amending a judgment in the manner requested, a motion for amendment is properly denied"); 11 Federal Practice and Procedure, supra, § 2810.1, at 164, 171.

Plaintiff's Motion for Reconsideration (Docket No. 63) is granted.  The Decision and Order of May 10, 2022 (Docket No. 61, 2022 WL 1471348), is modified and the case is dismissed for lack of standing and subject matter jurisdiction.  The parties' Motions (Docket Nos. 52, 53) are terminated rather than ruled upon.  The case remains dismissed.

## IV.    Conclusion

Plaintiff is correct that once the lack of standing is found, this Court lacks jurisdiction over this case.  Plaintiff's own Motion for Summary Judgment should not have been decided once the lack of standing was established.  Therefore, Plaintiff's Motion for Reconsideration (Docket No. 63) is granted.

## V.    Orders

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 63) is GRANTED.

FURTHER, that this case remains closed.

SO ORDERED.


Dated:        June 14, 2022
              Buffalo, New York


                                          s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                       United States District Judge